**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re | ) ) ) | |
| ROBERT MENARD, JR., | ) ) | Chapter 13 |
| Debtor | ) ) ) ) | Case No. 21-40468-CJP |

**CHAPTER 13 TRUSTEE'S OBJECTION TO**
**DEBTOR'S CHAPTER 13 PLAN**

NOW COMES Denise M. Pappalardo, the Standing Chapter 13 Trustee (the "Trustee"), and hereby objects to confirmation of the Debtor's Chapter 13 Plan (the "Plan"). In support hereof, the Trustee submits the following:

1. On June 17, 2021, the Debtor filed for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Code").

2. On August 6, 2021, the Trustee convened and presided at a § 341 meeting of creditors (the "Meeting"). The Debtor appeared at that time and gave testimony under oath concerning his Schedules and Statement of Financial Affairs.[1]

3. Pursuant to Lines 11 and 12 of Form 122C-1, the Debtor sets forth average monthly income for the household of $9,569.08. After deducting $2,512.92 on Line 13 for the "marital adjustment", he lists annualized current monthly income on Lines 15(b) and 20(b) of $84,673.92. The applicable median income is $92,034.00. As a result, the Debtor contends he is below the applicable median income.

---

[1] On August 9, 2021, the Court allowed the Motion and Agreed Order to Extend Time for Chapter 13 Trustee to File Objection to Confirmation of Chapter 13 Plan to September 24, 2021.

4. The Debtor's excess income on Amended Schedules "I" and "J" is a $400.20 per month.[2]

5. The Plan provides for payments of $401.00 for 36 months. The unsecured creditors, which total $43,989.00, will be paid a dividend of 4.2%.

**OBJECTION TO MARITAL ADJUSTMENT**

6. The Trustee contends the Debtor is not providing for all his projected disposable income to be received in the applicable commitment period as set forth in §1325(b)(1)(B) due to the marital adjustment. "If a debtor's non-filing spouse has income, that portion of the spouse's income not expended regularly to pay household expenses is deducted from current monthly income." *In re Trimarchi*, 421 B.R. 914, 918 (Bankr. N.D. Ill. 2010). The deduction is commonly referred to as the marital adjustment. *Id.* The marital adjustment should be strictly scrutinized by the court as in most cases it benefits an insider and is susceptible to abuse. *In re Simms*, 2011 W.L. 2604801 *5 (Bankr. D. M.D.) See, *In re Vollen*, 426 B.R. 359, 373 (Bankr. D. Kan. 2010). The Trustee objects to certain of the marital adjustments.

7. First, the Debtor lists as a marital adjustment $1,311.92 for his spouse's "payroll deductions". The Trustee objects to $362.40 of the payroll deductions as, upon information and belief, those deductions also benefit the Debtor.[3]

8. Second, the Debtor deducts $538.00 for his spouse's car. The Trustee contends the automobile benefits the household and not merely the non-filing spouse. As such, the deduction

---

[2] Amended Schedules "I" and "J" were filed on August 10, 2021.

[3] The deductions are $48.27 for life insurance, $46.37 for dental insurance, $220.87 for health insurance, $40.13 for flexible spending account and $6.67 for vision insurance.

is impermissible.

9. Third, the Debtor deducts $100.00 for his spouse's entertainment. The Debtor testified this amount constitutes dining out, movies, and events with their grandchildren. The Trustee contends this expense is incorporated in the national and local standards and benefits the household. Therefore the deduction is impermissible.

10. Finally, the Debtor lists his spouse's debt payment of $508.00. The Debtor testified this constitutes debts incurred for home furnishings, gifts, automobile repair and general household expenses. Thus, the debts were incurred for the benefit of the household. See, *In re Vollen*, 426 B.R. 359, 373 (Bankr. D. Kan. 2010).

11. Adjusting for the aforementioned, the Trustee contends the Debtor may be entitled to a marital adjustment of $1,004.52. Deducting the Debtor's average monthly income of $9,569.08, the current monthly income for the year is $8,564.56. The annualized current monthly income is $102,774.72 and the Debtor is above the applicable median income. Hence, the Debtor must complete Form 122C-2 as it is the starting point for any determination of "projected disposable income." *In re Kibbe*, 361 B.R. 302, 312 (BAP 1st Cir.2007).

**OBJECTION TO APPLICABLE COMMITMENT PERIOD**

12. As the Debtor is above median income, the applicable commitment period is five years and the term of the plan may be less than five years only if the plan provides for the payment in full of all allowed unsecured claims. 11 U.S.C. §1325(b)(4)(A) and (B). *See, Coop v. Frederickson (In re Frederickson)*, 545 F.3d 652, 660 (8th Cir. 2008)(the applicable commitment period is a temporal requirement); *Whaley v. Tennyson (In re Tennyson)*, 611 F. 3d 873, 877 (11th Cir. 2010)(Section 1325(b)(4) clearly says the applicable commitment period shall be five years

for an above median debtor.). *See generally*, *Hamilton v. Lanning*, 130 S.Ct. 2464 (2010)("mechanical approach" clashes repeatedly with the terms of §1325).

13. As the term of the Plan is 36 months, confirmation should be denied.

## OBJECTION PURSUANT TO §1325(b)(1)(B)

14. The Debtor is not providing for all his projected disposable income to be received in the applicable commitment period as set forth in §1325(b)(1)(B) as certain expenses appear to be high as compared to similarly situated debtors.

15. The Debtor budgets $1,000.00 for food, $347.00 for clothing, $312.00 for personal care/incidentals, $255.00 for gifts/entertainment and $300.00 for pet care for a total of $2,214.00. By way of example, the IRS national standard for food, clothing and other items is $1,292.00.

16. The Debtor lists on Schedule "J" $300.00 for "taxes". The Debtor failed to describe the nature of the taxes.

17. The Debtor budgets $200.00 in home maintenance. First and foremost, the Debtor rents an apartment. Second, upon information and belief, the apartment was recently renovated.

18. Finally, the Debtor lists an expense of $520.00 on Amended Schedule "J" for retirement contributions. Upon information and belief, the retirement plan contributions have not started. As a result, for August, 2021 and September 2021, the Debtor accumulated $1,040.00. Those funds are disposable income and must be devoted to the Plan as an additional dividend to the unsecured creditors.

19. Given the above, confirmation of the Plan should be denied.

WHEREFORE, the Trustee requests this Court:

1. Deny confirmation of the Debtor's Amended Chapter 13 Plan;

2. Grant such other and further relief as it deems just and necessary.

          Respectfully submitted,
          Standing Chapter 13 Trustee

Dated: September 23, 2021          /s/Joanne Psilos
          Denise M. Pappalardo, Trustee
          BBO # 553293
          Joanne Psilos, Staff Attorney
          BBO # 556997
          P.O. Box 16607
          Worcester, MA 01601
          (508) 791-3300
          denisepappalardo@ch13worc.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the within was sent to the Debtor, Debtor's counsel of record, and those parties who filed an appearance by first class mail, postage prepaid.

Dated: September 23, 2021          /s/Joanne Psilos
          Denise M. Pappalardo, Trustee
          BBO # 553293
          Joanne Psilos, Staff Attorney
          BBO # 556997
          denisepappalardo@ch13worc.com

## SERVICE LIST

Robert Kovacs, Esq.
131 Lincoln Street
Worcester, MA 01605

Robert Menard, Jr.
87 King Philip Road
Worcester, MA 01606