UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |  |  |
|---|---|---|---|
| In RE: | ) | | |
| Robert R Menard Jr. | ) | Case No.: | 21-40468 CJP |
| aka Robert Menard | ) | | |
| Debtor. | ) | Chapter: | 13 |
| | ) | | |

RESPONSE OF DEBTOR TO:

[35] CHAPTER 13 TRUSTEE'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

**NOW COMES** Robert R Menard Jr., Debtor in the above captioned matter, and respectfully responds to the above captioned objection as follows:

RESPONSES

(1) Admit.

(2) Admit.

(3) No response required as the documents speak for themselves.

(4) Admit that Debtor's Supplemental Schedule J shows disposable income of $400.20.

(5) Admit. However, the estimated dividend is more precisely 4.2837982%.

(6) Denied.

(7) Admit the adjustment. Denied the remainder of the allegation.

    a. Even if the Court believes a portion of these decisions benefit the Debtor, the entire deduction will not benefit the Debtor.

(8) Denied.

    a. Responding further, the Debtor has his own car he is not party to his wife's auto loan, and the wife's car is not used for or by the Debtor or for his benefit. The Debtor and non-filing spouse have no children to transport.

(9) Admit the deduction. Denied that the wife's entertainment budget is a benefit to the Debtor or his household.

(10) Admit the deduction. Denied that the payment of the wife's debt is a benefit to the Debtor or his household.

(11) Denied.

(12) Denied.

(13) Denied.

(14) Denied.

(15) No response required the schedule speaks for itself.

(16) Admit the deduction. The Debtor is unable to admit or deny the remainder of the allegation.

   a. Responding further. The trustee has a copy of the Debtor's 2020 federal and Massachusetts Tax returns. The Debtor had a net income tax liability of $3,896.00 for 2020. The deduction listed is for future estimated income tax liability.

(17) No response required the schedule speaks for itself. Admit that the Debtor is now renting an apartment. The Debtor is unable to admit or deny the remainder of the allegation.

(18) Denied there is an excess disabled income.

   a. The Debtor is sundering his long-time home in this bankruptcy and has post-petition rented an apartment. The Debtor has incurred expenses associated with moving that are not budgeted for.

(19) Denied.

**WHEREFORE,** Debtor prays that this Honorable Court:

a. Deny and overrule the objection;

**b.** Confirm Debtors Chapter 13 Plan; and

**c.** Order any other relief that is fair and equitable.

Dated: October 7, 2021

Respectfully Submitted by,

Robert R Menard Jr.,

Through Counsel,

<u>/s/ Robert W. Kovacs, Jr.</u>
Robert W. Kovacs, Jr.
Bar No.: 671497
Kovacs Law, P.C.
131 Lincoln Street
Worcester, MA 01605
Telephone No.: (508) 926-8833
E-mail: Robert@KovacsLawFirm.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In RE:<br>    Robert R Menard Jr.<br>    aka Robert Menard<br>    Debtor. | Case No.: 21-40468 CJP<br><br>Chapter: 13 |

### Certificate of Service

I hereby certify that, upon information and belief, the above was electronically served via the CM/ECF System of the United States Bankruptcy Court for the District of Massachusetts upon the following CM/ECF Participates:

- United States Trustee
- Standing Trustee
- Richard T. Mulligan on behalf of Creditor U.S Bank National Association, not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016-CTT

**Manuel Notice List**

I further certify that I, on October 7, 2021 have served a copy of the same by first class mail, postage prepaid, on the non CM/ECF participates below.

Robert Menard, Jr.
PO Box 678
Linwood, MA 01525


Dated: October 7, 2021

                              Respectfully Submitted by,

                              /s/ Robert W. Kovacs, Jr.
                              Robert W. Kovacs, Jr.
                              Bar No.: 671497