**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In Re: 21-40468-CJP ) | Chapter 13 Proceeding |
| ) | |
| Robert R Menard, Jr. aka Robert ) | |
| Menard | |
|       Debtor ) | |
| ) | |
| U.S. Bank National Association, not in | |
| its individual capacity but solely as | |
| trustee for the RMAC Trust, Series ) | |
| 2016-CTT | |
|       Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| Robert R Menard, Jr. aka Robert ) | |
| Menard | |
| and Denise M. Pappalardo, Trustee ) | |
|       Respondent ) | January 12, 2022 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT (the "Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of **Robert R Menard, Jr. aka Robert Menard** (the "Debtor") and Cheryl A. Menard having an address of 29 Louis Street, Northbridge, Massachusetts 01525 (the "Property"). In support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on June 17, 2021.

2. Confirmation of the Chapter 13 Plan of the Debtor is currently pending before this Court.

3. The Debtor and Cheryl A. Menard executed and delivered or is otherwise

obligated with respect to that certain promissory note in the original principal amount of $390,775.00 (the "Note"). Said note is endorsed in blank by First Horizon Home Loans. A copy of the Note is attached hereto as Exhibit A. Movant is an entity entitled to enforce the Note and Mortgage (defined below).

4. Pursuant to that certain mortgage (the "Mortgage") to Mortgage Electronic Registration Systems, Inc. as nominee for First Horizon Home Loans, all obligations (collectively, the "Obligations") of the Debtor and Cheryl A. Menard under and with respect to the Note and the Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as Exhibit B.

5. The Mortgage was assigned to the Movant pursuant to an assignment of mortgage, from Mortgage Electronic Registration Systems, Inc. as nominee for First Horizon Home Loans to JPMorgan Chase Bank, National Association, an assignment of mortgage from JPMorgan Chase Bank, National Association to Secretary of Housing and Urban Development, an assignment from Secretary of Housing and Urban Development to U.S. Bank National Association, an assignment from U.S. Bank National Association to UMB Bank, National Association, not in its individual capacity but solely as Legal Title Trustee for Mart Legal title Trust 2015-NPL1, and an assignment from UMB Bank, National Association, not in its individual capacity but solely as Legal Title Trustee for Mart Legal title Trust 2015-NPL1 to the Movant. Copies of which are attached hereto (collectively) as Exhibit C.

6. The Chapter 13 Plan calls for the Debtor to surrender the Property.

7. As of December 23, 2021, the approximate outstanding amount of the obligations due under said note and mortgage less any partial payments or suspense balance is $815,984.85.

8. As of December 23, 2021, the Debtor has failed to make post-petition payments in an aggregate amount sufficient to satisfy in full the post-petition payment contractually due under the Note on July 1, 2021 or any full payment contractually due under the Note thereafter for a total post-petition payment arrearage of $19,430.88, broken down as follows: Six (6) payments (7/1/21-12/1/21) each in the amount of $3,238.48. The total pre-petition arrearage owed to the Movant was $454,372.19.

9. The estimated market value of the Property is $421,541.00. The basis for such valuation is Debtor's Schedule A. For purposes of this motion, it is the Movant's opinion that the liquidation value of the premises is $393,828.78, calculated as the fair market value less a reasonable Realtor's fee of 6%, $25,292.46, deed stamps of $1,919.76, and anticipated costs incurred for a real estate closing of $500.00.

10. Upon information and belief, the encumbrances on the Property listed in the Debtor's Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, listed in order of priority, are: (i) Movant $815,984.85; (ii) a statutory lien in favor of the Town of Northbridge, MA.

11. The estimated total amount of encumbrances on the Property is $815,984.85 .

12. There is no other collateral securing Debtor's obligation to the Movant.

13. On June 24, 2019, the Debtor recorded a Declaration of Homestead with the Worcester County Registry of Deeds.

14. Pursuant to 11 U.S.C. § 362(d)(1), cause exists for relief from the automatic stay for the following reasons:

    a. Movant's interest in the Property is not adequately protected.

  b. Post-petition payments have not been made. Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

 15. As the Debtor is surrendering the Property, the Movant also requests that this Court order that Bankruptcy Rule 4001(a)(3) is not applicable so that Movant may immediately enforce and implement the requested order modifying the automatic stay.

 16. Further, to the extent that there exists a co-debtor stay pursuant to 11 U.S.C. § 1301(a) as to Cheryl A. Menard, hereinafter, "co-debtor" the Movant requests that said co-debtor stay be modified to allow Movant to foreclose its mortgage on the Property because;

 (a) upon information and belief, the co-debtor received the consideration for the claim held by the Creditor as the co-debtor is an owner of the Property;

 (b) the plan filed by the Debtor proposes not to pay such claim;

 (c) the Movant's interest would be irreparably harmed by continuation of the co-debtor stay.

 17. The Movant also requests an order allowing Movant to assess the Debtor's account with reasonable attorney's fees and costs in connection with the preparation, filing, and prosecution of this Motion for Relief from Stay.  The note and mortgage previously referred to in this Motion contain provisions allowing the Movant to collect reasonable attorney's fees and costs in connection with enforcing the note and mortgage.  In the event the Debtor receives a discharge, such fees and costs shall be non-recourse against the Debtor unless included in a reaffirmation agreement.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and co-debtor stay and granting the following:

1. Relief from the stay and co-debtor stay] allowing Movant and any successors or assigns to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. As the Debtor is surrendering the Property, that the 14-day stay of Bankruptcy Rule 4001(a)(3) be waived.

3. An order allowing Movant to assess the Debtor's account with reasonable attorney's fees and costs in connection with the preparation, filing, and prosecution of this Motion for Relief from Stay.

4. For such other relief as the Court deems proper.

    U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT

By /s/ Richard T. Mulligan
Richard T. Mulligan
B.B.O. #567602
The Movant's Attorney
Bendett & McHugh, P.C.
270 Farmington Avenue, Suite 171
Farmington, CT 06032
Phone (860) 677-2868
Fax (860) 409-0626
Email: BKECF@bmpc-law.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: 21-40468-CJP ) | Chapter 13 Proceeding |
| ) | |
| Robert R Menard, Jr. aka Robert ) | |
| Menard ) | |
|       Debtor ) | |
| ) | |
| U.S. Bank National Association, not in | |
| its individual capacity but solely as ) | |
| trustee for the RMAC Trust, Series ) | |
| 2016-CTT | |
|       Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| Robert R Menard, Jr. aka Robert ) | |
| Menard ) | |
| and Denise M. Pappalardo, Trustee ) | |
|       Respondent ) | |

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

    After notice and a hearing on U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT (hereafter, the "Movant") Motion for Relief from the Automatic Stay, (hereafter, the "Motion") Doc. I.D. No. ____:

    **IT IS HEREBY ORDERED** that the Motion is Granted—the automatic stay of 11 U.S.C. § 362(a) and the co-debtor stay of 11 U.S.C. § 1301(a) are modified to permit the Movant, its designated servicing agent, and/or its successors and assigns to commence, continue, and prosecute to judgment a foreclosure action and otherwise exercise its rights, if any, with respect to real property known as **29 Louis Street, Northbridge, Massachusetts 01525** in accordance with applicable state law, and

    **IT IS FURTHER ORDERED** that the Movant, its designated servicing agent, and/or its successors and assigns may, at its option, offer, provide, and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement, including accepting a deed in lieu of foreclosure from the Debtor. The Movant or its designated servicing agent may contact the Debtor via telephone or written correspondence to offer such an agreement. In the event the Debtor received a Chapter 7 discharge after Movant's loan was originated, any such agreement shall be non-recourse against the Debtor unless Movant's debt was included in a reaffirmation agreement.

**IT IS FURTHER ORDERED** that the Movant may assess the Debtor's mortgage account with reasonable attorney's fees and costs in connection with this Motion. In the event the Debtor receives a discharge, such fees and costs shall be non-recourse against the Debtor unless included in a reaffirmation agreement.

**IT IS FURTHER ORDERED** that the 14-day stay of Fed.R.Bankr.P. 4001(a)(3) is not applicable and the Movant may immediately enforce and implement this order.

Dated: _____     BY THE COURT

_____
Honorable Christopher J. Panos
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In Re: 21-40468-CJP | ) | Chapter 13 Proceeding |
| | ) | |
| **Robert R Menard, Jr. aka Robert Menard** | ) | |
| Debtor | ) | |
| | ) | |
| **U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT** | ) | |
| Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **Robert R Menard, Jr. aka Robert Menard and Denise M. Pappalardo, Trustee** | ) | |
| Respondent | ) | January 12, 2022 |

### PROOF OF SERVICE

The undersigned (the "Movant") hereby certifies that, on or before the 12th day of January, 2022 a copy of the Motion for Relief from Stay and a copy of the proposed order were served to the following:

Robert R Menard, Jr. aka Robert Menard
Debtor
87 King Philip Road
Worcester, MA 01606
*Via First Class Mail*

Robert W. Kovacs, Jr.
Debtor's Attorney
*Via Electronic Notice of Filing*

U.S. Trustee
*Via Electronic Notice of Filing*

Town of Northbridge
7 Main Street
Whitinsville, MA  01588-2295
Attn:  Manager
*Via First Class Mail*

I further certify that I am, and was at all times during the service of a copy of this Motion For Relief From Automatic Stay, not less than 18 years of age and not a party to the matter concerning which service was made.

**I declare that the foregoing is true and correct under penalty of perjury.**

                By /s/ Richard T. Mulligan
                Richard T. Mulligan
                B.B.O. #567602
                The Movant's Attorney
                Bendett & McHugh, P.C.
                270 Farmington Avenue, Suite 171
                Farmington, CT 06032
                Phone (860) 677-2868
                Fax (860) 409-0626
                Email: BKECF@bmpc-law.com